# CASE NO.: 24-7602
# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

---

BLANTON BANKS II,

*Appellants*,

v.

TRANS UNION, LLC ET AL.,

*Appellees*.

---

On Appeal from the United States District Court for the District of Nevada
The Honorable Cristina D. Silva, No. 2:21-cv-01580-CDS-EJY

---

## APPELLEE U.S. AUTO'S BRIEF

---

WRIGHT, FINLAY & ZAK, LLP
Christina V. Miller, Esq.
Nevada Bar No. 12448
8337 W. Sunset Road, Suite 220
Las Vegas, NV 89113
*Attorneys for Appellee U.S. Auto Credit Purchasing Center LLC d/b/a U.S. Auto Credit*

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1, Christina V. Miller, Esq., of the law firm of WRIGHT, FINLAY & ZAK, LLP, as counsel of record for Appellee U.S. Auto Credit Purchasing Center LLC d/b/a U.S. Auto Credit ("U.S. Auto") hereby states that U.S. Auto is a Florida limited liability company. U.S. Auto owned by U.S. Auto Credit Corporation. U.S. Auto Credit Corporation is owned by Scott-McRae Automotive Group, LLP, which is a private company and no publicly held corporation owns 10% or more of its stock.

DATED this 12th day of June, 2025.

WRIGHT, FINLAY & ZAK, LLP

*/s/ Christina V. Miller*
Christina V. Miller, Esq.
Nevada Bar No. 12448
8337 W. Sunset Road, Suite 220
Las Vegas, NV 89113
*Attorneys for Appellee U.S. Auto Credit*
*Purchasing Center LLC d/b/a U.S. Auto*
*Credit*

ii

# TABLE OF CONTENTS

JURISDICTIONAL STATEMENT ...........................................................1

INTRODUCTION ................................................................................1

ISSUES PRESENTED...........................................................................3

STATEMENT OF THE CASE................................................................3

STANDARD OF REVIEW ....................................................................6

SUMMARY OF ARGUMENT ...............................................................7

ARGUMENT ......................................................................................9

   I.  Banks has waived any challenge to the district court's ruling that U.S. Auto is not a "debt collector" subject to the FDCPA by not raising it in his Appellant's Brief................................................................................9

  II.  The district court did not abuse its discretion by denying Banks leave to amend the First Amended Complaint where amendment would be futile .....12

 III.  It was not a due process violation for the district court to dismiss the First Amended Complaint which failed to state a legally cognizable claims against U.S. Auto and deny Banks discovery ...........................................................17

 IV.  The record confirms that the district court did not act in a bias manner towards Banks and the Honorable Cristina D. Silver was not required to recuse herself .......................................................................................21

CONCLUSION ...................................................................................21

CERTIFICATE OF COMPLIANCE.......................................................22

CERTIFICATE OF SERVICE ...............................................................23

# TABLE OF AUTHORITIES

## <u>Cases</u>

*Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) ................................................................................................17, 18

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)....6

*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) ...................6

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ..............................................................................................6, 19

*Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995) ...............................6

*Brookfield Communications, Inc. v. West Coast Entertainment Corp.*, 174 F.3d 1036, 1046 n.7 (9th Cir. 1999) ......................................................9, 13

*Cahill v. Liberty Mut. Ins. Co*., 80 F.3d 336, 339 (9th Cir. 1996)..........................16

*Clark v. Capital Credit & Collection Servs., Inc.,* 460 F.3d 1162 (9th Cir. 2006) .11

*Crowley v. Nevada ex. rel. Nev. Sec'y of State*, 678 F.3d 730, 736 (9th Cir. 2012) .6

*Davidson v. Kimberly-Clark Corp*., 873 F.3d 1103, 1109 (9th Cir. 2017) ..............6

*Doe v. Fed. Dist. Ct.*, 467 F. App'x 725, 727 (9th Cir. 2012)..................................6

*Entm't Research Grp.*, 122 F.3d at 1217)); *Greenwood v. F.A.A.,* 28 F.3d 971, 977 (9th Cir. 1994)..................................................................................13

*Gonzales v. Arrow Fin. Servs., LLC,* 660 F.3d 1055 (9th Cir. 2011)......................11

*Harris v. Amgen, Inc*., 573 F.3d 728, 737 (9th Cir. 2009).......................................16

*Henson v. Santander Consumer USA Inc.*, 582 U.S. 79, 137 S. Ct. 1718, 198 L. Ed. 2d 177 (2017)..............................................................................10

*In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010).....17

*Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA,* 559 U.S. 573, 130 S. Ct. 1605, 176 L. Ed. 2d 519 (2010).........................................................11

*Johnson v. Am. Airlines, Inc.*, 834 F.2d 721, 724 (9th Cir. 1987) ..........................16

iv

*Johnson v. Riverside Healthcare Sys. LP*, 534 F.3d 1116, 1121 (9th Cir. 2008)......6

*Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ........................................16

*Metzler Investment Gmbh v. Corinthian Colleges, Inc*., 540 F.3d 1049 (9th Cir. 2008) ........................................................................................................................18

*Miller v. Fairchild Indus., Inc.,* 797 F.2d 727, 738 (9th Cir. 1986) ........................13

*Orr v. Plumb*, 884 F.3d 923, 932 (9th Cir. 2018) .................................................9, 13

*Oswalt v. Resolute Indus., Inc.,* 642 F.3d 856 (9th Cir. 2011) ................................19

*Padgett v. Wright*, 587 F.3d 983, 985 & n.2 (9th Cir. 2009).............................9, 13

*Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.3d 729, 738 (9th Cir. 1987)......20

*Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).........................................9, 13

*Swierkiewicz v. Sorema N.A*., 534 U.S. 506, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002) ...........................................................................................................................19

*Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002) .................................... 15-16

*Tourgeman v. Collins Fin. Servs., Inc.,* 755 F.3d 1109 (9th Cir. 2014).................11

*United States v. Williamson*, 439 F.3d 1125, 1138 (9th Cir. 2006).......................13

*United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1172 (9th Cir. 2016) .7

*Williams v. United States Gen. Serv. Admin.,* 905 F.2d 308, 312 (9th Cir. 1990) ..13

**Rules**

Fed. R. App. P. 26.1 ................................................................................................ ii

Fed. R. Civ. P. 12(b)(6)...................................................................3, 6, 8, 17, 18, 20

///

///

///

///

**<u>Other Authority</u>**

15 U.S.C. § 1692a(6) ...................................................... 1, 3, 4, 5, 9, 10, 15

15 U.S.C. § 1692e ................................................................................4

15 U.S.C. § 1692f .................................................................................4

15 U.S.C. § 1692k ..............................................................................3-4

## JURISDICTIONAL STATEMENT

U.S. Auto does not object to Appellant Blanton Banks II ("Banks") statements regarding this Court's jurisdiction over and timeliness of the appeal.

## INTRODUCTION

This case presents a straightforward application of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692 et seq., and its statutory definition of a "debt collector." The district court correctly granted U.S. Auto's motion to dismiss, finding that U.S. Auto does not meet the statutory definition of a debt collector and is therefore not subject to liability under the FDCPA. U.S. Auto now respectfully requests that this Court affirm that decision.

The FDCPA defines a debt collector as a person whose principal purpose is the collection of debts or who regularly collects debts owed or due on behalf of others. 15 U.S.C. § 1692a(6). It explicitly excludes creditors collecting their own debts. The Ninth Circuit has consistently held that entities collecting their own debts are creditors, not debt collectors, and are therefore outside the scope of the FDCPA.

In this case, the district court correctly determined that U.S. Auto does not meet the statutory definition of a debt collector. In reaching this conclusion, the district court considered both Banks' allegations in the operative complaint, as well as the evidence presented by Banks concerning U.S. Auto, to conclude that U.S. Auto's primary purpose is as a debt purchaser, not collector. On appeal, Banks

argues that the district court erred and abused its discretion in dismissing the operative complaint against U.S. Auto with prejudice and without granting Banks leave to amend. But nowhere in the Appellant's Brief does Banks argue that U.S. Auto was a debt collector and that the district court erred in reaching the opposite conclusion. Moreover, Banks never sought leave to amend from the district court. The district court nonetheless sua sponte considered whether leave to amend should be afforded to Banks as a pro se litigant, concluding that leave to amend would be futile because there would be no set of facts that Banks could allege which would cure the defect that U.S. Auto is not a debt collector and, therefore, not subject to the FDCPA. Banks also now argues for the first time on appeal that denial of leave to amend and to proceed with discovery is a due process violation. There is no legal requirement that a district court permit discovery to proceed on cause of action not based on a cognizable legal theory.

For these reasons, U.S. Auto respectfully requests that this Court affirm the district court's order dismissing Banks' FDCPA-based causes of action against it with prejudice and without leave to amend.

///

///

///

///

2

## ISSUES PRESENTED

**I.** Whether the district court correctly dismissed Banks' Complaint as to the single cause of action against U.S. Auto for alleged violation of the Fair Debt Collection Practices Act ("FDCPA") because U.S. Auto is not a "debt collector" as defined by 15 U.S.C. § 1692a and Banks does not challenge this ruling in his Appellant's Brief.

**II.** Whether the district court correctly dismissed Banks' Complaint against U.S. Auto with prejudice and without leave to amend where it sua sponte determined that no amendment could cure the defect that U.S. Auto is not a "debt collector" subject to the FDCPA.

**III.** Whether the district court violated Banks' due process rights by not allowing him to conduct discovery on his FDCPA claims against U.S. Auto which were not based on a cognizable legal theory sufficient to withstand dismissal, pursuant to Fed. R. Civ. P. 12(b)(6).

## STATEMENT OF THE CASE

Banks filed his First Amended Complaint on December 14, 2022, against U.S. Auto, among others, alleging two causes of action as to U.S. Auto. Specifically, Banks' third and fourth causes of action[1] allege violations of the FDCPA, 15 U.S.C.

---

[1] The fourth cause of action is duplicative of the third cause of action, including identical allegations in support, and appears to be erroneously included. The record below reflects that Banks did not seek to correct the fourth cause of action to assert

§ 1692k, based on an alleged failure to: (1) "provide plaintiff written notice after initial communication within five (5) days pursuant to 15 U.S.C. § 1692g(a)"; (2) "comply with debt collection requirements regarding the use of false and misleading representations, pursuant to 15 U.S.C. § 1692e"; (3) "report plaintiff's debt validation dispute as disputed to the credit reporting agencies as required pursuant to 15 U.S.C. § 1692e"; and (4) "use fair and conscionable means to collect or attempt to collect a debt, as required by 15 U.S.C. § 1692f." IQDataER-34 at ¶¶ 75(a)-(d) and IQDataER-34-35 at ¶¶ 80(a)-(d). The First Amended Complaint was served on U.S. Auto on June 22, 2023. USA-ER-037.

On August 8, 2023, U.S. Auto filed a Motion to Dismiss the First Amended Complaint on the basis that U.S. Auto is not a debt collector, as defined by 15 U.S.C. § 1692a, so the FDCPA does not apply ("Motion to Dismiss"). USA-ER-029-36.

On August 22, 2023, Banks filed his response to the Motion to Dismiss, arguing that the First Amended Complaint meets the notice pleading standard, describes U.S. Auto's alleged actions and placed U.S. Auto on fair notice of the claims against it, and that U.S. Auto is a debt collector because it collects a debt on behalf of another entity, claiming that "U.S. Auto Credit Purchase" is a different entity to U.S. Auto ("Opposition"). USA-ER-008-28. Banks did not seek leave to

---

any different cause of action/claim for relief or extend any argument before the district court that the fourth cause of action was not an erroneous duplication of the third cause of action.

amend the First Amended Complaint in his Opposition. *Id*.

On August 29, 2023, U.S. Auto filed a Reply in support of its Motion to Dismiss clarifying that it does not collect a debt on behalf of another because U.S. Auto is doing business as "U.S. Auto Credit Purchase". USA-ER-004-7.

On February 1, 2024, the district court entered an omnibus order addressing numerous pending dispositive motions, including U.S. Auto's Motion to Dismiss ("Dismissal Order"). IQDataER-84-104. The district court granted the Motion to Dismiss, concluding that U.S. Auto is a "debt purchaser" not a "debt collector", as defined by 15 U.S.C. § 1692a(6), and is, therefore, not subject to the FDCPA. IQDataER-96. The district court acknowledged that Banks is proceeding in proper person, but denied leave to amend the First Amended Complaint on the basis that "amendment will not change that U.S. Auto Credit does not qualify as a debt collector, rendering amendment futile." IQDataER-96-97. Judgment was then entered in U.S. Auto's favor on February 2, 2024. ECF No. 196.

After dismissal of the remaining defendant on November 15, 2024 (ECF No. 232), Banks filed a Notice of Appeal on December 10, 2024, appealing from "all of the papers, pleadings and exhibits in this particular case[.]" IQDataER-113-14.

/// 

/// 

/// 

5

## STANDARD OF REVIEW

"We review de novo dismissals under Rule 12(b)(6)[.]" *Davidson v. Kimberly-Clark Corp.*, 873 F.3d 1103, 1109 (9th Cir. 2017) (citing *Crowley v. Nevada ex. rel. Nev. Sec'y of State*, 678 F.3d 730, 736 (9th Cir. 2012)). To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). A claim has "facial plausibility" only when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although pro se pleadings are construed liberally, they must meet a minimum threshold in "providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). If a pro se litigant fails to meet that threshold, the appropriate remedy is dismissal. *Doe v. Fed. Dist. Ct.*, 467 F. App'x 725, 727 (9th Cir. 2012). A motion to dismiss "may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.' *Johnson v. Riverside Healthcare Sys. LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

This Court reviews the denial of leave to amend for abuse of discretion but reviews the futility of amendment de novo. *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1172 (9th Cir. 2016).

## SUMMARY OF ARGUMENT

Banks seeks reversal of the Dismissal Order and remand back to the district court with instructions to permit him to file a Second Amended Complaint as to U.S. Auto and proceed with discovery on his FDCPA claims against it. In support, and specific to U.S. Auto, Banks argues that reversal and remand is required because the district court abused its discretion in granting the Dismissal Order with prejudice and without leave to amend where the First Amended Complaint placed U.S. Auto on notice of the claim against it and, as a pro se litigant, the district court should have afforded him an opportunity to amend and not simply dismiss outright. Appellant's Brief at 37-39. But as set forth in detail below, Banks only argues that upon amendment he could have cured any pleading deficiency by specifying the dates of disputes and U.S. Auto's role. *Id.* He fails to extend any argument before this Court that the district court erred in concluding that U.S. Auto was not a "debt collector" and, therefore, not subject to the FDCPA. He also fails to challenge the district court's explanation and conclusion regarding the futility of amendment. Banks has now waived his right to challenge dismissal on these seminal grounds. Accordingly, there is no viable challenge to the Dismissal Order before this Court

for consideration. And to the extent this Court considers Banks' arguments that the district court abused its discretion by not granting him leave to amend, the arguments nonetheless fail because none of the authorities cited by Banks stand for the proposition that a district court *must* afford a pro se litigant leave to amend pleadings, especially where amendment would be futile.

Banks' Appellant's Brief also generically argues, without specific reference to U.S. Auto, that (1) dismissal without leave to amend and to conduct discovery is a due process violation, and (2) the district court acted in a biased manner towards him and the Honorable Cristina D. Silva should have recused herself. *See* Appellant's Brief at 22-24 and 30-32, respectively. Neither argument has merit. None of the authorities cited by Banks state that it is a due process violation to dismiss a complaint with prejudice and without leave to amend simply because Banks is proceeding in proper person. To the contrary, binding precedent confirms that Rule 12(b)(6) dismissal is an appropriate mechanism for a defendant to challenge the legal sufficiency of a claim and futility of amendment overrides that leave to amend should be freely given.

As to Bank's claims of bias and recusal, and to avoid repetition and conserve judicial resources, U.S. Auto joins in the arguments set forth in Appellees Equifax Information Services, LLC, Experian Information Solutions, Inc. and Trans Union, LLC's ("Joint Appellees") Joint Appellees' Brief and Appellee I.Q. Data's Appellee

Brief, and adopts those arguments as it set forth at length and in full herein.

For all of the foregoing reasons, U.S. Auto respectfully requests that this Court affirm the Dismissal Order.

## ARGUMENT

I.  **Banks has waived any challenge to the district court's ruling that U.S. Auto is not a "debt collector" subject to the FDCPA by not raising it in his Appellant's Brief.**

"On appeal, arguments not raised by a party in its opening brief are deemed waived." *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) (citing *Brookfield Communications, Inc. v. West Coast Entertainment Corp.*, 174 F.3d 1036, 1046 n.7 (9th Cir. 1999)); *see also Padgett v. Wright*, 587 F.3d 983, 985 & n.2 (9th Cir. 2009) (per curiam) ("We decline to consider matters not specifically and distinctly raised and argued in the opening brief[.]"); *Orr v. Plumb*, 884 F.3d 923, 932 (9th Cir. 2018) (noting that arguments not raised in a party's opening brief are deemed forfeited); .

The Dismissal Order expressly states the district court's conclusion that U.S. Auto is not a debt collector because it is a debt purchaser, collecting a debt on its own behalf. IQDataER-96. The district court relied on both the language of 15 U.S.C. § 1692a(6), which defines the term "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due

another", and *Henson v. Santander Consumer USA Inc.*, 582 U.S. 79, 137 S. Ct. 1718, 198 L. Ed. 2d 177 (2017) ("A company may collect debts that it purchased for its own account, like [respondent] did here, without triggering the statutory definition in dispute…By defining debt collectors to include those who regularly seek to collect debts 'owed ... another,' the statute's plain language seems to focus on third party collection agents regularly collecting for a debt owner—not on a debt owner seeking to collect debts for itself."). *Id.* In addition, the district court considered the information in the First Amended Complaint, "together with the evidence provided by [Banks]," to conclude that U.S. Auto purchased the account from another entity and clearly communicated to Banks that it had "purchased Banks' outstanding debt and that none of the terms changed, making his payment amount and due dates the same." IQDataER-96 (citing August 10, 2017 Letter advising Banks U.S. Auto purchased his account from AUTO CITY ORLANDO LLC, Def.'s Ex. A, ECF No. 162-1 at 1); *Henson*, 582 U.S. at 83 (A "debt purchaser…may…collect debts for its own account without triggering the statutory definition of "debt collector.")).

The Appellant's Brief does not address or challenge the district court's conclusion that the FDCPA causes of action alleged against U.S. Auto fail to state a claim and must be dismissed because U.S. Auto is not a "debt collector" as defined by 15 U.S.C. § 1692a(6). *See* Appellant's Brief at 37-39. As such, there is no

challenge – cogent or otherwise – to the district court's substantive conclusion that U.S. Auto is not a "debt collector" subject to the FDCPA. Accordingly, Banks has waived his right to challenge this ruling. U.S. Auto respectfully submits that this Court must summarily affirm the Dismissal Order as there is no valid challenge to the district court's substantive ruling pending before this Court for de novo review.

Banks' only substantive argument as to the FDCPA focuses on the district court's alleged "fail[ure] to properly analyze [his] claims under the [FDCPA]. *See* Appellant's Brief at 25-26. Banks cites to numerous Ninth Circuit and United States Supreme Court opinions in support. *Id*. But the Court need not even consider the merits of this argument or authotiries cited because they are all based on the pre-condition that a debt collector's actions were involved and, therefore, the FDCPA applied. *See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA,* 559 U.S. 573, 130 S. Ct. 1605, 176 L. Ed. 2d 519 (2010) (undisputed that lawyer was acting as a debt collector subject to the FDCPA); *Clark v. Capital Credit & Collection Servs., Inc.,* 460 F.3d 1162 (9th Cir. 2006) (undisputed that collection agency was a debt collector subject to the FDCPA); *Tourgeman v. Collins Fin. Servs., Inc.,* 755 F.3d 1109 (9th Cir. 2014) (undisputed that defendants – debt buyer and collector, its collection agency and attorneys – were debt collectors subject to the FDCPA); *Gonzales v. Arrow Fin. Servs., LLC,* 660 F.3d 1055 (9th Cir. 2011) (undisputed that appellant was a debt buyer and collector subject to the FDCPA).

Here, the district court correctly determined that Banks could not state any viable claim for relief against U.S. Auto for an alleged violation of the FDCPA because a pre-condition – that U.S. Auto falls within the definition of a "debt collector" subject to the FDCPA – was not met. Therefore, neither Banks' argument nor the authorities he cites change this outcome. This Court should affirm.

## II.  The district court did not abuse its discretion by denying Banks leave to amend the First Amended Complaint where amendment would be futile.

Banks argues that "the court should have granted leave to amend rather than terminating the claim with prejudice." Appellant's Brief at 38. However, his only arguments in support are that: (1) U.S. Auto was "treated differently" and the district court's dismissal without leave to amend was "arbitrary" where Banks was granted leave to amend his claims against another defendant, I.Q. Data International, Inc. ("I.Q. Data"), in the same Dismissal Order; and (2) "any deficiency in pleading against U.S. Auto, for example, failing to specify the dates of disputes or the exact nature of U.S. Auto's role, could easily have been cured with an amendment[.]" *Id.* U.S. Auto submits that neither argument has merit.

*First*, Banks fails to address the Dismissal Order regarding why amendment would be futile, instead raising arguments which were not a part of the district court's analysis or ruling. Without challenging the actual basis for the district court's ruling as to futility – that U.S. Auto is not a "debt collector" subject to the FDCPA – there is nothing properly before this Court to consider and Banks has waived his right to

challenge this ruling. *See* Section I, above, citing *Smith*, 194 F.3d at 1052; *Brookfield Communications,* 174 F.3d at 1046 n.7; *Padgett*, 587 F.3d at 985 & n.2; *Orr*, 884 F.3d at 932. Moreover, to the extent that Banks' challenge to the district court's denial of leave is unresponsive to the arguments raised by U.S. Auto and the actual scope and terms of the district court's ruling, Banks has failed to present cogent argument and this Court is within its discretion to disregard Banks' challenge and summarily affirm the Dismissal Order. *United States v. Williamson*, 439 F.3d 1125, 1138 (9th Cir. 2006) ("'We will not manufacture arguments for an appellant' who has failed 'to present . . . specific, cogent argument[s] for [the court's] consideration,' especially where 'a host of other issues are presented for review.'" (alterations in original) (quoting *Entm't Research Grp.*, 122 F.3d at 1217)); *Greenwood v. F.A.A.,* 28 F.3d 971, 977 (9th Cir. 1994) (cursory references are not sufficient to raise a "specific, cogent argument for our consideration."); *Williams v. United States Gen. Serv. Admin.,* 905 F.2d 308, 312 (9th Cir. 1990) ("The Court of Appeals will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief.") (quoting *Miller v. Fairchild Indus., Inc.,* 797 F.2d 727, 738 (9th Cir. 1986)).

*Second*, to the extent this Court considers Banks' arguments, the record confirms that those arguments nonetheless fail to identify any error which would require reversal of the Dismissal Order and remand back to the district court.

The district court did not treat U.S. Auto differently from I.Q. Data. The record reflects that I.Q. Data moved for dismissal based on a failure to adequately plead a claim against it, pursuant to Fed. R. Civ. P. 8, not that I.Q. Data is not a "debt collector" subject to the FDCPA, as U.S. Auto argued. IQDataER-98. Specifically, I.Q. Data "argue[d] that the complaint fails to establish *when* Banks had initial contact with it, failing to establish when and if the 30-day close under § 1692 was triggered." The district court agreed, finding that the First Amended Complaint contained "mere summary allegations [] insufficient to survive a motion to dismiss." IQDataER-99-100. However, the district court acknowledged that there could be a set of facts alleged against I.Q. Data which would meet the necessary detail required for notice-pleading, pursuant to Fed. R. Civ. P. 8, such that it "is unclear that amendment would be futile[.]" IQDataER-100. This is an entirely different legal argument, analysis and set of allegations concerning I.Q. Data which explain and justify why the district court granted Banks leave to amend the First Amended Complaint as to its allegations against I.Q. Data. Other than pointing out that both U.S. Auto's and I.Q. Data's dismissal motions were both addressed by the district court in the Dismissal Order, Banks does not provide any further legal analysis or explanation to this Court why the district court allegedly erred in reaching different rulings on the two motions.

///

14

*Third*, Banks' argument fails to acknowledge that the district court concluded that U.S. Auto is not a "debt collector", as defined by 15 U.S.C. § 1692a(6). While he argues that he should have been granted leave to amend to specify "dates or disputes or the exact nature of U.S. Auto's role" (*id.*), neither of those facts would change the analysis as the district court did not find that the First Amended Complaint failed to alleged specific dates, disputes or U.S. Auto's role. Rather, the district court concluded that the First Amended Complaint failed to allege that U.S. Auto's principal business is debt collection. IQDataER-96. And more importantly, and in support of the futility of amendment, the district court noted that the information in the First Amended Complaint, "together with the evidence provided by [Banks]….demonstrates that U.S. Auto is a debt purchaser not a debt collector." *Id.* On appeal, Banks still fails to present any argument or explanation for how he could have overcome this legal shortcoming on amendment.

*Lastly,* upon this Court's de novo review of the record, it is clear that the district court did not abuse its discretion in denying Banks leave to amend and dismissing the First Amended Complaint with prejudice. Banks did not request leave to amend in his Opposition to the Motion to Dismiss. USA-ER-008-28. Nonetheless, the district court acknowledged that it should sua sponte construe Banks' pro se pleadings liberally and acknowledged that he should receive an opportunity to cure *if* it appeared that defects could be corrected. IQDataER-94 (citing *Thompson v.*

*Davis*, 295 F.3d 890, 895 (9th Cir. 2002); *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc)). However, the district court also considered whether amendment would be futile such that no such leave should be granted and noted that such determination is within its discretion. *Id.* (citing *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996); *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009) (internal quotation marks omitted); *Johnson v. Am. Airlines, Inc.*, 834 F.2d 721, 724 (9th Cir. 1987) (citations and internal quotation marks omitted)).

The district court denied leave to amend Banks' First Amended Complaint as to U.S. Auto "because amendment will not change that U.S. Auto Credit does not qualify as a debt collector, rendering amendment futile." IQDataER-94. As discussed above, U.S. Auto is not in the business of debt collection and, to the extent that it sought to collect a debt against Banks, U.S. Auto was collecting the debt due to itself and not owed or due to another. Consequently, there would be no set of facts which Banks could allege which would change the fact that U.S. Auto is not a "debt collector". The FDCPA could not be saved by any amendment and would have inevitably been rejected at summary judgment as a matter of law. Accordingly, the district court did not abuse its discretion in dismissing the First Amended Complaint with prejudice and without leave to amend, nor did it err in concluding that amendment would be futile.

///

16

**III.    It was not a due process violation for the district court to dismiss the First Amended Complaint which failed to state a legally cognizable claim against U.S. Auto.**

Although not directed at U.S. Auto specifically, Banks argues generically that his due process rights were violated by dismissal with prejudice and without leave to amend because he was denied the opportunity to conduct discovery. *See* Appellant's Brief at 22-24. This argument was not raised before the district court (*see* Opposition, ECF No. 168) and is not reviewable by this Court. *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010) (An argument is waived if it was "not presented or developed before the district court.").

To the extent that this Court considers Banks' due process argument, it still fails to support reversal of the Dismissal Order as to U.S. Auto. The argument is premised on the assumption that Banks alleged a cause of action sufficient to state a claim for relief to survive dismissal pursuant to Fed. R. Civ. P. 12(b)(6). But as set forth above, his FDCPA claim against U.S. Auto failed from the outset because U.S. Auto is not a "debt collector" subject to the requirements of the FDCPA. Accordingly, the district court was correct to dismiss the First Amended Complaint as to U.S. Auto and not permit Banks to proceed into discovery on this legally impossible claim. None of the authorities cited by Banks change this result.

Banks cites to *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) to support his argument that he must be "given a fair

opportunity to develop evidence before a court rules on the merits of a case." Appellant's Brief at 22. *Anderson* is inapplicable to this action; it is a seminal decision on the Fed. R. Civ. P. 56 *summary judgment* standard and does not address the propriety of dismissal for failure to state a claim for relief, pursuant to Fed. R. Civ. P. 12(b)(6).

Banks next cites *Metzler Investment Gmbh v. Corinthian Colleges, Inc*., 540 F.3d 1049 (9th Cir. 2008) to support his argument that he must be permitted to conduct discovery to develop his case before a dispositive ruling is issued. *See* Appellant's Brief at 22. A basic review of *Metzler* confirms that it is inapposite to this appeal and does not support reversal of the Dismissal Order. There, the Ninth Circuit Court of Appeals considered whether the plaintiff had sufficiently alleged a class action for private securities fraud – and in particular the issues of whether "loss causation", scienter and falsity had been sufficiently pleaded or pleaded with he required specificity. But after reviewing the allegations, plaintiff's evidence presented and the parties' arguments related to dismissal, the appellate court affirmed dismissal with prejudice and without leave to amend because plaintiff did not point to additional facts which would cure the pleading deficiencies and makes no mention of a due process violation. As such, this opinion weighs in U.S. Auto's favor where Banks never requested leave to amend and similarly failed to point to

any additional facts which he could allege to cure the defect that U.S. Auto is not a "debt collector".

*Swierkiewicz v. Sorema N.A*., 534 U.S. 506, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002) is equally inapplicable to this appeal and makes no mention of due process. Banks argues that this opinion supports his belief that a plaintiff "must be allowed to proceed to discovery in order to substantiate their claims." *See* Appellant's Brief at 23. However, although it concerned reversal of an order of dismissal, the *Swierkiewicz* court's analysis focused on whether the complaint had met the pleading requirements under Fed. R. Civ. P. 8 sufficient to assert a prima facie case before discovery for racial discrimination in violation of Title VII of the Civil Rights Act of 1964.

*Oswalt v. Resolute Indus., Inc.,* 642 F.3d 856 (9th Cir. 2011) concerns an admiralty decision partially affirming and partially reversing summary judgment concerning claims for breach of the implied warranty of workmanlike performance and products liability. It is legally and factually inapplicable to this action and makes no mention of due process in relation to permitting a legally deficient claim to proceed to discovery.

Lastly, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) provides no support for reversal of the Dismissal Order. As Banks notes, *Twombly* "underscores the importance of allowing plaintiffs to proceed with cases when they present claims

that are plausible on their face." Appellant's Brief at 23. But Banks again assumes that he pled a plausible claim for violation of the FDCPA against U.S. Auto in total disregard for the district court's ruling. The FDCPA is inapplicable to U.S. Auto and Banks continues to ignore this fundamental pre-condition to pursue his claim. Because the district court determined that there are no set of facts which Banks could plead to change this fact, the FDCPA claim was not plausible on its face and could not proceed to discovery.

To be clear, there is no due process requirement that a court permit discovery to proceed before ruling on a defendant's request to dismiss for failure to state a claim. To the contrary, "[t]he purpose of Rule 12(b)(6) is to enable defendants to challenge the legal sufficiency of claims asserted in a complaint. *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.3d 729, 738 (9th Cir. 1987). Banks received a full and fair opportunity to respond to U.S. Auto's Motion to Dismiss. The district court did not violate his right to due process when it found that Banks had failed to plead a legally cognizable claim for violation of the FDCPA and dismissed the First Amended Complaint as to U.S. Auto with prejudice and without leave to amend.

///

///

///

///

20

**IV.** **The record confirms that the district court did not act in a bias manner towards Banks and the Honorable Judge Cristina D. Silva was not required to recuse herself**.

Banks argues that Judge Silva, overseeing the proceedings in the district court, was required to recuse herself and failed to do so, "despite overwhelming evidence of bias and conflicts of interest[.]" *See* Appellant's Brief at 30-32. Joint Appellees' Brief and I.Q. Data's Appellee Brief adequately address these arguments. *See* Dkt. Entry 29 at 32-39 and Dkt. Entry 32 at 21-29. Therefore, in order to conserve judicial resources and avoid repetitive briefing, U.S. Auto hereby joins in and adopts both Joint Appellees' and I.Q. Data's arguments set forth in their respective Appellee Briefs as if set forth at length and in full herein to confirm that the record does not reflect that Judge Silva acted with bias, treated Banks unfairly and/or should have recused herself from overseeing the underlying action.

## CONCLUSION

For these reasons, U.S. Auto respectfully requests that this Court affirm the district court's Dismissal Order.

Dated this 12th day of June, 2025.

WRIGHT, FINLAY & ZAK, LLP

*/s/ Christina V. Miller*
Christina V. Miller, Esq.
Nevada Bar No. 12448
8337 W. Sunset Road, Suite 220
Las Vegas, NV 89113
*Attorneys for Appellee U.S. Auto*

# CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I certify that this brief is proportionally spaced and has a typeface of 14 points in Times New Roman font, and that it comports with all the typeface and type style requirements in Fed. R. App. P. 32(a)(5) and (6).

According to the word count feature in the Microsoft Word Software used to prepare this brief, excluding those portions exempted by Fed. R. App. P. 32(f), the brief contains 5,120 words, including footnotes, quotations and headings. This brief therefore complies with the 14,000-word type-volume limit established by Fed. R. App. P. 32(a)(7)(B)(i), as modified by Circuit Rule 32-1(a).

Dated this 12th day of June, 2025.

WRIGHT, FINLAY & ZAK, LLP

*/s/ Christina V. Miller*
Christina V. Miller, Esq.
Nevada Bar No. 12448
8337 W. Sunset Road, Suite 220
Las Vegas, NV 89113
*Attorneys for Appellee U.S. Auto Credit*
*Purchasing Center LLC d/b/a U.S. Auto*
*Credit*

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of June, 2025, I electronically filed the following **APPELLEE U.S. AUTO'S BRIEF** with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

*/s/ Jason Craig*
An Employee of Wright Finlay Zak, LLP